IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BARBARA CASERO, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 04-221 GMS |
| v. ) | |
| ) | |
| JOSEPH V. LAMBERT, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM**

**I.   INTRODUCTION**

On April 12, 2004, Barbara Casero, Mario Calvo, Yldelisa Calvo, and the Estate of Yldelisa Calvo Dornhecker ("Estate") filed the above-captioned diversity suit against Joseph V. Lambert ("Lambert"), Avis Car Rental Group, Inc. ("Avis") and Car Rentals, Inc. ("Car Rentals"), alleging the wrongful death of Yldelisa Calvo Dornhecker, the decedent. Presently before the court are two motions: (1) the defendants' Motion to Dismiss[1] (D.I. 4), and (2) the plaintiffs' Motion to Drop Avis Car Rental Group, Inc. as a Defendant and For Leave to File Amended Complaint (D.I. 7). For the following reasons, the court will grant-in-part and deny-in-part the defendants' motion, and grant the plaintiffs' motion.

**II.   DISCUSSION**

This action arises out of a tragic automobile accident on June 3, 2002, in which Yldelisa Calvo Dornhecker, the decedent, was killed after defendant Joseph Lambert allegedly drove through

---

[1] Both the defendants and the plaintiffs present "matters outside the pleading" in relation to this motion. Thus, under Fed. R. Civ. P. 12(b), the court will examine the evidence presented and treat the motion as one for summary judgment pursuant to Rule 56.

a stop sign without stopping, and collided with the car in which the decedent was a passenger. Mario and Yldelisa Calvo (the decedent's parents), Barbara Casero (the decedent's sister), and the Estate subsequently brought this diversity action against Lambert, Avis, and Car Rentals pursuant to Delware's wrongful death statute, Del. Code Ann. tit. 10, § 3724 (1999), seeking damages under various theories, including mental anguish.  However, in July of 2003 (prior to the filing of the present action), the decedent's spouse, Mikel Dornhecker, signed a release as to Lambert and Car Rentals, in exchange for $215,000, without the plaintiffs' knowledge. (D.I. 4 Ex. A.) According to the plaintiffs, Dornhecker did so without first filing a lawsuit against any of the defendants. (D.I. 8 Ex.C.)  Nevertheless, the defendants argue, because § 3724(e) permits "[o]nly 1 action . . . in respect to the death of a person," Dornhecker's release of Lambert and Car Rentals prohibits the plaintiffs from bringing the present action.  Thus, the defendants move the court to dismiss the plaintiffs' complaint in its entirety.

Alternatively, the defendants argue under § 3724(d)(5) that the plaintiffs cannot recover damages for mental anguish because Dornhecker, as the surviving spouse, is the only person who can recover such damages.  The defendants further argue that this case should be dismissed for lack of subject matter jurisdiction because both the Estate and Avis are citizens of Delaware, and as such, diversity does not exist.  Finally, without any elaboration, the defendants raise the defenses of "insufficiency of process" and "insufficiency of service of process."

The second motion before the court is the plaintiffs' Motion to Drop Avis Car Rental Group, Inc. as a Defendant and For Leave to File Amended Complaint, in which the plaintiffs explain that Avis was "incorrectly believed to have owned" the car driven by Lambert.  As a result, they argue, Avis "should be dropped as a party from this lawsuit" in order to restore diversity.  In response, the

defendants concede that dismissing Avis cures any jurisdictional defect. The court agrees that dismissing Avis cures the jurisdictional defect, and therefore, the plaintiffs' motion will be granted. The plaintiffs respond to the defendants' process argument with what appear to be copies of proof of service as to both Lambert and Car Rentals. (D.I. 8 Ex. D.) Although the court's docket does not reflect such service, the defendants' reply brief states no objection to this form of proof. Thus, the court holds that any further objection by the defendants in this regard is waived.

After disposing of the defendants' diversity and process arguments, the only two issues remaining before the court are (1) whether Dornhecker's release of Lambert and Car Rentals precludes the plaintiffs from bringing this action, and (2) if not, whether the plaintiffs are statutorily foreclosed from recovering damages for mental anguish. As to the first issue, the defendants do not contest the plaintiffs' assertion that Dornhecker never filed a lawsuit in relation to his potential claims against Lambert and Car Rentals. Rather, the defendants argue that the "1 action" referred to in § 3724(e) "does not require that the action be a lawsuit." (D.I. 9 ¶ 2.) The court does not find this argument persuasive.

"In Delaware, when there is a dispute over the meaning or effect of a statute, the Court searches for the General Assembly's intent when it enacted the statute. When seeking legislative intent, the Court first analyzes the plain language of the statute. If the statute's plain language is capable of several interpretations, the Court will construe the statute in favor of a reasonable result over an unreasonable result. Above all, the Court has a duty to construe a statute 'so as not to yield mischievous or absurd results.'" *Rehoboth Mall Ltd. P'ship v. Sussex County*, No. 95C-02-004, 1997 WL 127987, at *2 (Del. Super. Ct. Feb. 28, 1997). In this case, since the court has not found any legislative history tending to shed light on the General Assembly's intent, the plain language

of § 3724(e) controls. *See also* Del. Code Ann. tit. 1, § 303 (2001).[2] Black's Law Dictionary provides the following definition of "action":

> Term in its usual legal sense means *a lawsuit brought in a court*; *a formal complaint* within the jurisdiction of *a court of law*. The legal and formal demand of one's right from another person or party made and insisted on *in a court of justice*. An ordinary proceeding *in a court of justice* by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. It includes all *the formal proceedings in a court of justice* attendant upon the demand of a right made by one person of another *in such court*, including an adjudication upon the right and its enforcement or denial *by the court*.

Deluxe Black's Law Dictionary 28 (6th ed. 1990) (emphasis added) (internal citations omitted). Black also provides the following definition of "wrongful death action":

> Type of *lawsuit* brought on behalf of a deceased person's beneficiaries that alleges that death was attributable to the willful or negligent act of another.

*Id.* at 1612 (emphasis added). Both definitions clearly contemplate an actual lawsuit, not a mere release given by someone who has a potential claim. Were the court to agree with defendants' proposed construction, a tortfeasor could significantly reduce his or her liability by secretly settling with the lowest bidding beneficiary. This would indeed be a "mischievous or absurd" result. Thus, the court holds that the phrase "1 action" in § 3724(e) refers to a lawsuit. Consequently, Dornhecker's release of Lambert and Car Rentals does not preclude plaintiffs from bringing this action, and therefore, the defendants' motion will be denied insofar as it requests the court to dismiss

---

[2]Section 303 provides:

Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the English language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.

the case in its entirety.

As to the second issue, the defendants argue that the decedent's parents and sister are statutorily foreclosed from recovering damages for mental anguish. In support of their argument, they point to subsection (d)(5), which provides:

> [In determining the amount of the award the court or jury may consider:] Mental anguish resulting from such death to the surviving spouse and next-of-kin of such deceased person. However, when mental anguish is claimed as a measure of damages under this subchapter, such claim for mental anguish will be applicable *only* to the surviving spouse, children and persons to whom the deceased stood in loco parentis at the time of the injury which caused the death of the deceased, parents and persons standing in loco parentis to the deceased at the time of the injury which caused the death of the deceased (*if there is no surviving spouse, children or persons to whom the deceased stood in loco parentis*), and siblings (*if there is no surviving spouse, children, persons to whom the deceased stood in loco parentis at the time of the injury, parents or persons standing in loco parentis to the deceased at the time of the injury which caused the death of the deceased*).

§ 3724(d)(5) (emphasis added). The defendants also point to the legislative history:

> This amendment provides that if a deceased person has a spouse and/or children they are the *only* claimant for mental anguish for under the Wrongful Death Statute. *If there is no spouse and/or children* of the deceased then the parents of the deceased are the only claimants that can recover under the Wrongful Death Statute. Finally, *if the deceased has no spouse, children, or parents*, then the siblings of the deceased may recover for mental anguish.

H.R. 15, 140th Gen. Assem. (Del. 1999) (emphasis added).

In spite of this seemingly clear statutory language and legislative history, the plaintiffs argue "[i]t is undisputed that [§ 3724(d)(5)] is patently ambiguous as to whether a parent or sibling could recover damages for mental anguish." (D.I. 8 at 7.) For support, the plaintiffs look to *Fahey-Hosey v. Capano*, 98C-06-299, 1999 WL 743985 (Del. Super. Ct. Aug. 31, 1999). However, in that case, "[t]he issue [was] whether the siblings of a murder victim who are strangers to the convicted murderer and his brothers can state a cause of action against the brothers based on *post-crime*

5

*conduct* to recover damages for their mental anguish. The theories of liability advanced [were] *intentional infliction of emotional distress, conspiracy, and spoliation.*" *Id.* at *1 (emphasis added). Wrongful death is only mentioned once at the beginning of the opinion in the court's summarization of all the counts in the complaint, and § 3724(d)(5) is not discussed at all. Thus, the plaintiffs' reliance on *Fahey-Hosey* is misplaced. Because the statutory language and the legislative intent clearly foreclose mental anguish damages for parents and siblings in cases where there is a surviving spouse, the defendants' motion will be granted on this issue.

### III.  CONCLUSION

For the foregoing reasons, the court will grant the plaintiffs' motion to dismiss Avis, as well as the plaintiffs' request for leave to file an amended complaint. The court will also grant the defendants' motion on the issue of mental anguish damages, and deny the remainder of the defendants' motion.

Dated: March 30, 2005                                   **/s/ Gregory M. Sleet**
                                                        UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BARBARA CASERO, *et al.* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JOSEPH V. LAMBERT, *et al.* )<br>)<br>Defendants. )<br>) | Civil Action No. 04-221 GMS |

## **ORDER**

IT IS HEREBY ORDERED THAT:

1. The plaintiffs' motion to dismiss defendant Avis be GRANTED;

2. Defendant Avis be DISMISSED;

3. The plaintiffs' motion for leave to file amended complaint be GRANTED;

4. The defendants' motion to dismiss be GRANTED on the issue of damages for mental anguish, and DENIED as to the remainder.


Dated: March 30, 2005                                          /s/ Gregory M. Sleet
                                                                            UNITED STATES DISTRICT JUDGE