```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF DELAWARE

BARBARA CASERO, As Personal
Representative of the Estate
of YLDELISA CALVO DORNHECKER;et al.
        Plaintiffs,

vs                                  Civil Action No.: 04-221-GMS



JOSEPH V. LAMBER, Individually;
and CAR RENTALS, INC.
        Defendants.
_____/
```

## JOINT STATUS REPORT

COMES NOW THE PLAINTIFFS, BARBARA CASERO, As Personal Representative of the Estate of YLDELISA CALVO DORNHECKER, BARBARA CASERO, MARIO CALVO, and YLDELISA CALVO, through counsel and Defendants, JOSEPH V. LAMBERT and CAR RENTALS, INC., through counsel, and hereby submit this Joint Status Report:

1. Jurisdiction and Service.

Plaintiffs:

This is a wrongful death action filed on behalf of the parents and sister of the decedent for their losses on their behalf and on behalf of the estate of the decedent. The Plaintiffs all reside in Miami, Dade County, Florida.

Defendants:

Defendants are satisfied that the Court has subject matter jurisdiction and that all parties are subject to the Court's jurisdiction. All parties have been served.

2. Substance of Action.

Plaintiffs:

On June 3, 2002, Yldelisa Calvo Dornhecker was killed as a result of automobile accident. Defendant, Joseph V. Lambert, was charged for causing the accident in which Ms. Calvo was killed. Plaintiffs, BARBARA CASERO, YLDELISA CALVO, and MARIO CALVO, are the sister and parents of the decedent.

Defendants:   a. Defendants are not liable to the Estate plaintiff. The Estate can only bring a survival action on behalf of the decedent, not a claim for wrongful death; however, plaintiffs have only alleged wrongful death. The facts do not indicate any basis for a survival action.

b.   Plaintiffs do not have a claim against defendant Car Rentals, Inc., Defendant Lambert was not employed by Car Rentals, Inc., and was not acting as an agent of Car Rentals, Inc., at the time of the accident. Defendant Lambert's liability policy exceeds the minimum coverage mandated by 21 Del.C. Sect. 6102.

c. Defendants are considering whether to concede the liability of defendant Lambert. A decision has not yet been made, but will be made prior to trial.

d. On March 30, 2005, the Court ruled that plaintiffs are not entitled to recover damages for mental anguish. Defendants are only entitled to recover damages they can prove they are entitled to for funeral expenses, loss of the expectation of pecuniary benefits, and loss of contributions for support, pursuant to 10 Del.C. Sect. 3724.

   e. Defendant, JOSEPH V. LAMBERT, may have plead to the charge of causing the accident.

3. Identification of issues:

Plaintiffs: Mikel Dornhecker's responsibility is causing the accident.

Defendants:

   a. Whether the facts support a finding of liability against defendants;

   b. Whether the Estate plaintiff has any claim against defendants;

   c. Whether plaintiffs have a valid claim against defendant Car Rentals, Inc.;

   d. The amount of damages plaintiffs are entitled to recover.

4. Narrowing of Issues: The amount of damages plaintiffs are entitled to recover cannot be narrowed at this time. Whether the Estate has any claim against defendants and whether plaintiffs have a valid claim against defendant Car Rentals, Inc., are partially dispositive issues appropriate for decision on motion if the parties cannot agree on how to resolve these issues.

5. Relief: N/A

6. Amendment of Pleadings: None.

7. Joinder of Parties: None.

8. Discovery:

Plaintiffs:

   Plaintiffs will be serving discovery and taking the deposition of Mr. Lambert and the company representative.

Defendants:

　　Defendants have already served plaintiffs with Interrogatories and a Request for Production. Defendants expect to have plaintiffs' discovery responses on July 29, 2005. Defendants intend to depose plaintiffs, and my also depose witnesses identified by plaintiffs, including any expert(s)identified.

9.　Estimated trial length.

Plaintiffs:

It will depend on the admission of liability by Defendant, Joseph V. Lambert. Also, the parents may need interpreters thus making the procedure longer.

10. Jury trial: Yes

11. Settlement.

Plaintiffs:

　　Plaintiffs believe that this matter can presently be mediated to a settlement without any further discovery.

Defendants:

　　The parties have had limited settlement discussions; however the parties are too far apart to settle at this time. Defendants would like to obtain discovery on damages before pursuing further settlement discussions or mediation.

12. Other matters: None.

```
                            LAW OFFICES OF JESUS O. CERVANTES
                            8550 W. FLAGLER STREET, SUITE 120
                            MIAMI, FLORIDA 33144
                            (305)228-1122
                            (305)228-0939 FACSIMILE
```